In re G.G., S.J.G., and Z.E.C.

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-01-265-CV

IN THE INTEREST OF G.G., S.J.G., 

AND Z.E.C. 

------------

FROM THE 323
RD
 DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Melissa G. appeals the trial court’s judgment terminating her parental rights in her minor children, G.G., S.J.G., and Z.E.C.  We will affirm.

The parties are familiar with the facts of this case and the applicable law is well-settled.  

Melissa contends that the evidence is factually insufficient to support the jury’s findings that (1) she either knowingly placed or knowingly allowed the children to remain in conditions or surroundings that endangered their emotional or physical well-being, (2) she engaged in conduct or knowingly placed the children with persons who engaged in conduct that endangered their emotional or physical well-being, and (3) the termination of her parental rights would be in the best interest of the children.  

In reviewing these arguments, we first examined the evidence supporting the jury’s finding that Melissa knowingly placed or knowingly allowed the children to remain in conditions or surroundings that endangered their physical or emotional well-being.  
See 
Tex. Fam. Code Ann.
 § 161.001(1)(D) (Vernon 2002).  Having done so in accordance with the applicable standard of review,
(footnote: 2) we hold that the evidence is factually sufficient to support the jury’s finding that Melissa knowingly placed or knowingly allowed the children to remain in conditions or surroundings that endangered their physical or emotional well-being.  We therefore overrule Melissa’s first point.
(footnote: 3)
 We next reviewed the evidence supporting the jury’s finding that termination of Melissa’s parental rights is in the best interest of the children.  
See
 
Tex. Fam. Code Ann.
 § 161.001(2).  Again, having reviewed the entire record in accordance with the applicable standard of review, we hold that the evidence is factually sufficient to support the jury’s finding that the termination of Melissa’s parental rights would be in the best interest of the children.  Therefore, we overrule Melissa’s second point.

Having overruled Melissa’s points, we affirm the trial court’s judgment.

JOHN CAYCE

CHIEF JUSTICE

PANEL A: CAYCE, C.J.; WALKER, J.; and SAM J. DAY, J. (Retired, Sitting by Assignment).

DELIVERED: December 4, 2003

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
See 
In re C.H.
, 89 S.W.3d 17, 25-28 (Tex. 2002) for a comprehensive discussion of the applicable standard of review.

3:
In light of this holding, we need not consider whether the evidence supports the jury’s finding that Melissa engaged in conduct or knowingly placed the children with persons who endangered the children’s physical or emotional well-being.  
See
 
Tex. Fam. Code Ann. 
§ 161.001(1)(E).  Only one violation of section 161.001(1) is necessary to support termination.  
Id.
 § 161.001(1); 
Richardson v. Green
, 677 S.W.2d 497, 499 (Tex. 1984).